IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00689-GPG

JIM KDEEN, Member of weZpeople Advocacy Group, a/k/a JOHN DOE, a/k/a JIM
        KHAEDR, a/k/a MAZEN J. KHERDEEN,

        Plaintiffs,

v.

ARAPAHOE COLORADO 18TH JUDICIAL DISTRICT,
JUDGE HORTON,
JUDGE SAMOUR
JUDGE WEISHAUPL,
MAGISTRATE KATHLEEN JANSKI,
JUDGE KELLY LAFAVE,
JUDGE LARANCHE, and
ARAPAHOE COUNTY SHERIFF'S OFFICE,

        Defendants.

---

## ORDER OF DISMISSAL

---

        Plaintiff, Jim Kdeen, resides in Denver, Colorado.  He initiated this action by filing *pro se*, a Complaint (ECF No. 1).  Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to  28 U.S.C. § 1915

        On March 20, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because the pleading failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  (ECF No. 4).  Magistrate Judge Gallagher also reminded Mr. Kdeen in the March 20 Order that his purported claims may suffer from the following additional infirmities:  Defendant Arapahoe Colorado Eighteenth Judicial District is immune from suit under the Eleventh Amendment; Plaintiff's claims may be barred in whole, or in part, by the abstention doctrine of

1

*Younger v. Harris*, 401 U.S. 37 (1971); the claims against the Defendant Judges, sued in their individual capacities, may be barred by judicial immunity; and, the claims against the Arapahoe County Sheriff's Office could be construed as claims against Arapahoe County, but Plaintiff must allege facts to show that he was injured by an unconstitutional county policy or custom. (*Id.*). Magistrate Judge Gallagher directed Mr. Kdeen to file an Amended Complaint that complied with Rule 8, on the court-approved Complaint form, within 30 days. (*Id.*). Plaintiff was warned that failure to comply would result in dismissal of this action without further notice. (*Id.*).

On April 4, 2017, Magistrate Judge Gallagher issued a minute order directing the clerk of the court to resend to Plaintiff, at his new address, a copy of the March 20 Order. (ECF No. 8). Plaintiff was directed to file his Amended Complaint within 30 days of the April 4 minute order. (*Id.*).

On May 8, 2017, Magistrate Judge Gallagher granted Plaintiff's request for an extension of time and directed him to file an Amended Complaint within 30 days. (ECF No. 12). Mr. Kdeen was warned that failure to comply may result in dismissal of this action without further notice. (*Id.*).

On June 2, 2017, Mr. Kdeen filed a "Notice of Additional Defendants" (ECF No. 13), and two Motions for Injunctive Relief (ECF Nos. 14 and 15).

Mr. Kdeen has now failed to file an Amended Complaint by the court-ordered deadline. Because Plaintiff failed to comply with a court order, and the original Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, this action will be dismissed.

As discussed in the March 20 Order, Mr. Kdeen's handwriting in the Complaint is almost illegible. He makes vague allegations in the Complaint that he is being "harass[ed]" by several judges in the Eighteenth Judicial District and that an unfounded temporary restraining order was issued against him. (ECF No. 1 at 2-3, 5). He also makes a conclusory assertion that the Arapahoe County Sheriff and deputy sheriffs have "had him falsely arrested and falsely charged in order to silence him," and to interfere with his First Amendment right to freedom of speech and expression. (*Id.* at 4). For relief, Mr. Kdeen asks this Court to order the judges in the 18th Judicial District to recuse from his cases and to restrain the Arapahoe County Sheriff "from abusing his authority against Plaintiff." (ECF No. 1 at 6).

Mr. Kdeen was warned in the March 20 Order that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*  The Complaint fails to allege a short and plain statement of Mr. Kdeen's claims against any of the Defendants showing that Plaintiff is entitled to relief. Mr. Kdeen was reminded in the March 20 Order that to state a claim in federal court, he must explain in the Amended Complaint what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Because Mr. Kdeen's pleading does not comply with Rule 8, and he failed to file an Amended Complaint as directed, this action will be dismissed.  Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE for the Plaintiff's failure to comply with the March 20 Order directing him to file an Amended Complaint and to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Kdeen files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED June 15, 2017, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court